Filed 7/27/22  P. v. Lewis CA2/5

Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEVIN LAMONT LEWIS,<br><br>    Defendant and Appellant. | B298820<br><br>(Los Angeles County Super. Ct. No. TA125019) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEVIN LAMONT LEWIS,<br><br>    Defendant and Appellant. | B311205 |

| | |
|---|---|
| THE PEOPLE, | B310496 |
| Plaintiff and Respondent, | |
| v. | |
| PAUL JORDAN, | |
| Defendant and Appellant. | |
| THE PEOPLE, | B311802 |
| Plaintiff and Respondent, | |
| v. | |
| ANTHONY McLAURIN, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Michael J. Shultz, Judge.  Reversed and remanded with directions in part; affirmed in part.

Waldemar D. Halka, under appointment by the Court of Appeal, for Defendant and Appellant Devin Lamont Lewis.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant Paul Jordan.

Richard D. Miggins, under appointment by the Court of Appeal, for Defendant and Appellant Anthony D. McLaurin.

Xavier Becerra and Ron Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Rama R.

Maline, Allison H. Chung, Daniel C. Chang, Michael J. Wise, for Plaintiffs and Respondents.

## *INTRODUCTION*

We begin our opinion with an overview of the rather complex appellate history of this case. Three codefendants, Devin Lewis, Paul Jordan, and Anthony McLaurin, were convicted of multiple offenses, including felony murder and premeditated attempted murder. Many years later, they filed petitions for resentencing under Penal Code former section 1170.95 (now section 1172.6), which were summarily denied.[1] In a single opinion we reversed the trial court's orders denying the petitions. (*People v. McLaurin* (July 6, 2020, B296078, B298820 & B293314 [nonpub. opn.].) We refer to this appeal as the "First 1170.95 Appeal."

Defendant Lewis, alone, sought Supreme Court review of that part of our opinion which held attempted murder did not qualify for section 1170.95 relief. Accordingly, our remittitur issued only as to defendants Jordan and McLaurin. Even though the remand to the trial court did not apply to Lewis, the trial court held further proceedings as to all three defendants. The trial court again denied the section 1170.95 petitions of Jordan and Lewis. The trial court resentenced McLaurin. Those proceedings resulted in three of the four current appeals: (1) Jordan appeals the denial of his section 1170.95 petition (B310496); (2) Lewis appeals the denial of his section 1170.95

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). For convenience, and in keeping with the trial court record, we continue to refer to the former number in this opinion. All further statutory references are to the Penal Code.

petition, on the basis that the trial court lacked jurisdiction to hear it (B311205); and (3) McLaurin appeals his new sentence (B311802). After the three notices of appeal were filed, the California Supreme Court transferred Lewis's original appeal to this court for reconsideration in light of recently enacted legislation extending section 1170.95 relief to those convicted of attempted murder (B298280). We have consolidated the four appeals for resolution in a single opinion and conclude that further proceedings are necessary in the trial court with respect to Lewis and Jordan; we affirm McLaurin's resentencing (with the understanding that further proceedings are presently underway on a new section 1170.95 petition).

## *PROCEDURAL BACKGROUND*

### 1. *The Crimes, Conviction, and Appeal*

In 2013, McLaurin, Jordan and Lewis were each convicted of two counts of special circumstances felony murder (§§ 187, subd. (a), 190.2, subd. (a)(17)), one count of attempted premeditated murder (§§ 664/187), five counts of robbery (§ 211), and one count of assault with a deadly weapon (§ 245, subd. (a)(2)), arising out of an auto shop robbery gone wrong. The facts of the crime are largely unnecessary to the resolution of the present appeal. This much is clear: defendants Lewis and Jordan were part of a group of armed men who entered the auto shop while defendant McLaurin remained outside. There were nine victims inside the shop, corresponding to each of the nine counts against defendants. Defendants were convicted of the robbery murder of two of the victims, the premeditated attempted murder of a third, robbing five others, and assaulting the last. The jury made no specific findings as to which defendant, if any, was the actual shooter of either of the two murder victims or the

4

attempted murder victim.[2]  It is unclear whether Jordan and Lewis were convicted under theories of direct liability or aider and abettor liability.  McLaurin was, at most, a lookout who did not enter the shop at the time of the robbery.  He was convicted as an aider and abettor.  (First 1170.95 Appeal, at p. 3.)  Each defendant was sentenced to life imprisonment without the possibility of parole, plus additional consecutive terms.

A different panel of this court affirmed the convictions of all three defendants in a nonpublished opinion (*People v. McLaurin* (Apr. 7, 2015, B250278) [nonpub. opn.]).[3]

## 2.    *Banks, Clark, and Section 1170.95*

Two legal developments intervened.  When defendants committed the crimes in 2010, the felony-murder special circumstance required a finding that the defendant, if not the actual killer or one who acted with intent to kill, was a major participant in the felony who acted with reckless indifference to human life.  (§ 190.2, subd. (d).)  The defendants' jury had been instructed on this point.  Subsequent to the convictions, our Supreme Court in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) clarified the

---

[2]    Other individuals involved in the commission of the crimes were tried separately.

[3]    Following the opinion affirming the convictions, the Supreme Court granted a petition for review filed by McLaurin and Jordan, and transferred the matter to us for reconsideration of unrelated sentencing issues.  This court modified the sentences in ways that are not relevant to our present discussion, and otherwise adopted by reference its prior opinion as to all three defendants.  (*People v. McLaurin* (Dec. 21, 2015, B250278 [nonpub. opn.].)

law of aider and abettor liability for the felony-murder special circumstance, more narrowly construing "major participant" and "reckless indifference" to satisfy constitutional minimums. (See *People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, review granted June 24, 2020, S262011 (*Torres*).)

The second intervening change in the law occurred in 2018. The Legislature adopted Senate Bill No. (SB) 1437 (2017-2018 Reg. Sess.) which, among other things, amended the felony-murder rule. Specifically, SB 1437 amended section 189 to provide that an aider and abettor cannot be convicted of felony murder unless the defendant acted with the intent to kill or was a major participant who acted with reckless indifference to human life. In other words, SB 1437 incorporated into felony murder the requirements previously adopted by the Supreme Court in *Banks* and *Clark* for the felony-murder special circumstance. (§ 189, subd. (e); see *People v. York* (2020) 54 Cal.App.5th 250, 258 review granted Nov. 18, 2020, S264954 (*York*).) SB 1437 also enacted a new statutory procedure, codified in section 1170.95, by which a defendant convicted of murder under the felony-murder rule could seek resentencing under the new, narrower, version of the law.

### 3. *Denial of Section 1170.95 Petitions, the First 1170.95 Appeal and Habeas Petition*

In 2019, four years after our final opinion affirming the convictions, all three defendants filed petitions for resentencing under section 1170.95. The petitions were summarily denied on the basis that the felony-murder special circumstance was found to be true with respect to each defendant for both murders. Defendants appealed, arguing that, in light of *Banks* and *Clark*, the true findings on the special circumstances in 2013 did not

6

satisfy the requirements of SB 1437. McLaurin also filed a petition for habeas corpus, arguing that, under *Banks* and *Clark*, there was no longer sufficient evidence to support the felony-murder special circumstance findings against him.

We resolved the appeals, and McLaurin's habeas petition, in a single opinion – the First 1170.95 Appeal. We granted McLaurin's habeas petition, concluding his felony-murder special circumstances finding must be vacated, which in turn required reversal of the denial of his section 1170.95 petition. (*Id.* at pp. 19, 23.) We reversed the summary denials of Lewis's and Jordan's section 1170.95 petitions, on the basis that the pre-*Banks* and *Clark* special circumstances findings did not necessarily preclude relief under section 1170.95. (*Id.* at pp. 23−25.) Lewis and Jordan had argued that section 1170.95 also applied to their convictions for attempted murder. We observed that neither Lewis nor Jordan had raised the argument in their section 1170.95 petitions, but nonetheless concluded that at the time, section 1170.95 resentencing was available only for murders, not attempts. (*Id.* at pp. 25−26.)

Defendant Lewis alone sought review in the California Supreme Court, specifically arguing that section 1170.95 applied to attempted murder. The Supreme Court granted review and deferred action pending further order of that court.[4] Without jurisdiction as to Lewis, we therefore issued a remittitur to allow additional section 1170.95 proceedings as to Jordan and McLaurin only.

---

[4] The Supreme Court would eventually transfer the case back to us on February 16, 2022.

7

## 4. *Further Proceedings in the Trial Court for All Three Defendants*

### A. *McLaurin Resentencing*

Following remand, on March 17, 2021, McLaurin was resentenced. At his resentencing hearing, McLaurin moved to strike, in the interests of justice under section 1385, the finding that the attempted murder was premeditated. The trial court declined to do so. McLaurin filed a timely notice of appeal from his new sentence. His sole ground was the denial of his motion to strike the premeditation finding.

### B. *Lewis and Jordan Hearing*

The court appointed counsel for Lewis and Jordan, and accepted briefing and argument on their continued section 1170.95 petitions.[5] On January 15, 2021, the trial court again denied the petitions, stating, "Even if there were some lingering uncertainty about which petitioner was the actual killer or whether both defendants actually killed, the record of conviction conclusively shows that petitioners at least aided and abetted with implied malice and/or were major participants in the felony acting with reckless indifference to human life." Lewis and Jordan each filed timely notices of appeal. As we shall discuss, Jordan argues the merits of the court's ruling, while Lewis argues only that the trial court lacked jurisdiction to rule, as his appeal was then pending before the Supreme Court.

---

[5] At no point did any party assert that the trial court did not have jurisdiction over Lewis because his appeal was still before the Supreme Court and this court had not issued a remittitur as to him.

8

5.    *SB 775 and Supreme Court Remand*

While these appeals were pending (and Lewis's case was still in grant-and-hold status before the Supreme Court), the Legislature passed and the Governor signed Senate Bill No. (SB) 775 (2020-2021 Reg. Sess.), which became effective on January 1, 2022.  As clarified by SB 775, section 1170.95 applies to persons convicted of "attempted murder under the natural and probable consequences doctrine."  (§ 1170.95, subd. (a).)

On February 16, 2022, our Supreme Court transferred the Lewis matter back to us "with directions to vacate its decision and reconsider the cause in light of Senate Bill No. 775 [citation]."

6.    *Consolidation*

After the appeals were fully briefed, we consolidated them for resolution in a single opinion.

## DISCUSSION

We first consider Lewis's and Jordan's appeals together, then the McLaurin appeal.

1.    *Lewis's and Jordan's Appeals*

As we have explained, Lewis and Jordan each appeal from the trial court's denial of their section 1170.95 petitions based on the trial court's determination at the eligibility hearing that the evidence established they were major participants acting with reckless indifference to human life.  The Attorney General and Lewis have also briefed Lewis's appeal following the transfer from the Supreme Court.

These three appeals together raise three issues:  (1) Did the trial court err in making factual determinations at Jordan's eligibility hearing?  (2) Did the trial court lack jurisdiction to hold an eligibility hearing for Lewis?  (3) How does SB 775 impact the

9

proceedings?  We resolve these issues in the following sections of our opinion.

A.     *The Trial Court Erred in Conducting Factfinding at Jordan's Eligibility Hearing*

Jordan argues that the trial court erred in conducting factfinding at his section 1170.95 eligibility hearing.[6]  At the time the trial court held the eligibility hearing, the law was unclear as to whether trial courts had the authority to engage in factfinding at the eligibility phase.  In July 2021, our Supreme Court held that trial courts do not.  "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." ' [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)[7]  "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]  As the People emphasize, the 'prima facie bar was intentionally and correctly set very low.' " (*Id.* at p. 972.)

---

[6]     Defendant Lewis does not make a similar argument; he argues that the court lacked jurisdiction to conduct his eligibility hearing at all.

[7]     The defendant in the Supreme Court's opinion, *People v. Lewis,* is not the same as defendant/appellant Lewis in this matter.

In light of this authority, the Attorney General agrees with Jordan that the trial court erred in denying his petition at the prima facie stage, because its consideration of the underlying facts was "premature." We will therefore reverse the trial court's order finding Jordan ineligible, and remand for the issuance of an order to show cause and evidentiary hearing.

B.   *The Trial Court Lacked Jurisdiction to Hold an Eligibility Hearing for Lewis*

In the First 1170.95 Appeal, as to the murder counts, we reversed the summary denial of Lewis's section 1170.95 petition and remanded for an eligibility hearing. As to the attempted murder count, we affirmed the trial court's ruling. Lewis sought Supreme Court review of our attempted murder holding. As a result, our remittitur issued only in the case number relating to Jordan (and McLaurin) (B296078), but not the case number relating to Lewis (B298820). This distinction was apparently missed by the trial court (and the parties), as the trial court proceeded to conduct a new eligibility hearing for both Jordan and Lewis.

On appeal, Lewis argues, the Attorney General concedes, and we agree that the trial court lacked jurisdiction to conduct Lewis's eligibility hearing when his appeal was pending before the Supreme Court and the remittitur had not issued. (See *People v. Burhop* (2021) 65 Cal.App.5th 808, 810−811 [court lacks jurisdiction to conduct section 1170.95 hearing when the matter is the subject of a pending appeal and the remittitur has not yet issued].) We therefore reverse the trial court's order finding defendant Lewis ineligible for resentencing.

In its supplemental briefing, the Attorney General argues that we should reconsider our holding in the First 1170.95 Appeal

11

and instead conclude that the pre-*Banks* and *Clark* special circumstance finding is a sufficient basis on which to justify summary denial of a section 1170.95 petition. We have previously declined this invitation, and do so again. (*York, supra,* 54 Cal.App.5th at pp. 260−263; *Torres, supra,* 46 Cal.App.5th at p. 1179; see also *People v. Mejorado* (2022) 73 Cal.App.5th 562, 571, review granted Mar. 23, 2022, S273159.)[8]

The Attorney General argues, in the alternative, that even if *Torres* is correct and a pre-*Banks* and *Clark* special circumstance finding does not render Lewis ineligible for relief as a matter of law, any error was harmless, as we may determine de novo on appeal whether a defendant's special circumstances conviction satisfies *Banks* and *Clark*. We have previously rejected this argument as well. (*People v. Smith* (2020) 49 Cal.App.5th 85, 95, review granted July 22, 2020, S262835; contra *People v. Law* (2020) 48 Cal.App.5th 811, 816, 822, review granted July 8, 2020, S262490.)

Remand of defendant Lewis's case is therefore necessary. Lewis argues the matter should be remanded for an eligibility hearing. The Attorney General agrees that this is the proper

---

[8] A number of courts of appeal opinions have disagreed with the *Torres* line of cases. (E.g., *People v. Galvan* (2020) 52 Cal.App.5th 1134 (*Galvan*), review granted Oct. 14, 2020, S264284, review dismissed in light of voluntary abandonment April 13, 2022).) The Supreme Court will resolve the dispute in *People v. Strong* (Dec. 18, 2020, C091162), 2020 WL 7417057 [nonpub. opn.], review granted Mar. 10, 2021, S266606.) That appeal was argued and submitted on May 24, 2022.

disposition.  We remand for an eligibility hearing under subdivision (c) of section 1170.95.[9]

      C.     *Both Lewis and Jordan Should Be Permitted to Address the Attempted Murder Charge in Further Proceedings on Remand*

Lewis and Jordan were both convicted of attempted murder.  The Attorney General concedes that the jury was instructed on natural and probable consequences with respect to attempted murder.

With respect to Lewis, the Attorney General agrees that "the new law should simply be applied to [his] pending petition and attempted murder conviction in the interest of judicial economy."  The Attorney General makes no similar concession with respect to Jordan, arguing instead that Jordan did not include attempted murder in his initial section 1170.95 petition and "does not provide any legitimate reason for failing to do so." The Attorney General further represents that "[n]ow, for the first time on appeal, [Jordan] argues that he is entitled to an evidentiary hearing and potential resentencing on his conviction for the attempted murder of" the victim.

The Attorney General's characterization of the procedural history is less than complete.  Jordan's initial petition was a form which he filled out without the advice of counsel and which contained no checkbox for attempted murder.  When he was appointed counsel in the First 1170.95 Appeal, he argued in his opening brief filed in August 2019 that attempted murder was subject to section 1170.95 relief.  When we considered the argument in our opinion, we observed that Jordan had not

---

[9]     The prosecution, of course, could choose to concede Lewis's prima facie eligibility.

identified attempted murder in his petition.  We nevertheless addressed the argument on the merits, finding section 1170.95 did not apply to attempted murder based on its then-existing language.  (First 1170.95 Appeal, pp. 25−26.)  Now that SB 775 has amended the section so that attempted murder is an enumerated crime, judicial economy would not be served by requiring Jordan to file a new section 1170.95 petition.  Instead, at the order to show case hearing on remand, the trial court should consider Jordan's conviction for attempted murder as encompassed by his existing petition.

## 2.    *McLaurin's Appeal*

In the First 1170.95 Appeal, we also granted McLaurin's habeas petition and vacated his two robbery-murder special circumstance findings, which required resentencing.  (First 1170.95 Appeal, p. 19.)  In addition, we reversed the denial of his section 1170.95 petition as to the two murder counts, and remanded for further proceedings on the petition.  (*Id*. at p. 23.)  On remand, the trial court did not conduct further section 1170.95 proceedings and proceeded directly to resentencing.  McLaurin was resentenced to a determinate term for the robberies and assault with a deadly weapon, and an indeterminate term for the attempted murder.

At his March 17, 2021 resentencing hearing, McLaurin moved, under section 1385, to strike the premeditation finding on the attempted murder count.  He argued, "The conviction for attempted murder was not challenged in the [section] 1170.95 motion and the writ which sprung from the [section] 1170.95 motion, as [section] 1170.95's application to that crime had not been considered in those early days.  [¶]  However, the overall reasoning of the court of appeal makes clear that the [de

14

minimis] involvement of defendant McLaurin in the crimes, and the court's conclusion that defendant McLaurin did not have an indifference to human life supports a conclusion that he did not have malice, and did not act with any level of premeditation or deliberation with respect to the attempted murder." McLaurin's counsel recognized that, as to Jordan and Lewis, we held that section 1170.95 did not apply to attempted murder. He argued, "That makes it all the more important that this trial court strike the premeditation allegation, so that defendant's convictions conform to the holding of the Court of Appeal, and more correctly fall in line with his actual liability, and result in a proper punishment commensurate with his liability."

The trial court at the resentencing hearing declined to strike the premeditation finding, stating, "I'm not even sure that I have the discretion to strike an allegation of premeditation found true by a jury in [the attempted murder count]. Even if I did, though – this is kind of in the abundance of caution – or I were to obtain the discretion after today's hearing, I would not exercise it in that regard."

McLaurin, who had one prior strike and a prior serious felony enhancement, was sentenced to an indeterminate term for the premeditated attempted murder of 14 years to life (7 years to life for attempted premeditated murder, doubled for the strike). He was sentenced to a consecutive determinate term of 25 years, consisting of: the five-year high term for one count of robbery, doubled to ten years for the strike; with five consecutive two-year terms (one-third the middle term doubled) for the four additional

15

counts of robbery and one count of assault with a firearm; plus five years for the prior serious felony enhancement.[10]

On appeal from the resentencing, McLaurin argues that the court erred in failing to strike the premeditation finding on the attempted murder count. While he suggests the court did not understand its discretion and failed to state reasons in support of its sentencing decision, the bulk of his argument is based on SB 775, as well as policy and legal arguments for the application of SB 1437 to attempted murder. The Attorney General responds that McLaurin is attempting an impermissible end-run around SB 775, and that we should not permit him to circumvent the necessity of filing a section 1170.95 petition with respect to attempted murder by striking the premeditation finding.

We review a refusal to strike under section 1385 for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 371 [decision to not dismiss "a sentencing allegation" is reviewed for abuse of discretion].) The court need not set forth its reasons for declining to exercise its discretion to strike, as we presume a court acts properly when it sentences a defendant pursuant to the law. (*Id.* at p. 376.) Under this standard, McLaurin has not established an abuse of discretion in the trial court's failure to strike the premeditation finding, assuming that such discretion exists under section 1385. McLaurin's jury had been instructed that "[t]he attempted murder was done willfully and with deliberation and premeditation if either the defendant or perpetrator or both of them acted with that state of mind." While McLaurin argued at the resentencing hearing that he should not

_____

[10]    As the trial court considered the murder counts to have been "stricken," it did not impose any sentence on McLaurin for those counts. (But see § 1170.95, subd. (e).)

16

be vicariously liable for premeditating the attempted murder, at the time, this was simply an equitable argument the trial court was free to reject.

Further developments and proceedings may, however, impact this result. At the time of the resentencing hearing, SB 775 had not been enacted and the weight of authority was that 1170.95 did not apply to attempted murder. However, the enactment of SB 775 changed the landscape. It is now clear that section 1170.95 applies to attempted murder convictions based on natural and probable consequences (§ 1170.95, subd. (a)), and McLaurin's jury was, in fact, instructed on attempted murder on that theory. Although there is nothing in the record, McLaurin represents that he filed a section 1170.95 petition as to the attempted murder on January 2, 2022. The Attorney General has not conceded that McLaurin is entitled to relief on his attempted murder petition; McLaurin must therefore follow the usual procedure to determine whether he is entitled to resentencing for attempted murder.

### *DISPOSITION*

The order denying Jordan's section 1170.95 petition is reversed and the matter remanded with directions for the court to issue an order to show cause and conduct further proceedings under section 1170.95, subdivision (d).

The order denying Lewis's section 1170.95 petition is reversed and the matter remanded with directions for the court to hold a new eligibility hearing under section 1170.95, subdivision (c).

As to both Jordan and Lewis, the court shall deem their section 1170.95 petitions to have sought relief with respect to attempted murder, as well as murder.

17

Defendant McLaurin's resentencing is affirmed.  McLaurin is entitled to proceed with his pending section 1170.95 petition, or if none has been filed, to file a new petition.


                                        RUBIN, P. J.

WE CONCUR:


        BAKER, J.


        KIM, J.